**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY GENE HEGGEM, | No. 15-35464 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-01333-RSM |
| v. | |
| SNOHOMISH COUNTY CORRECTIONS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Larry Gene Heggem, a Washington state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging excessive force

based on an incident that occurred in the Snohomish County Jail.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

          **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

summary judgment and its qualified immunity determinations. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We reverse and remand.

The district court granted summary judgment on Heggem's excessive force claim against defendant Eichelberger on the basis of qualified immunity, concluding that it would not have been clear to every reasonable official that lifting Heggem's legs in connection with a control hold was unconstitutional. However, Heggem presented evidence that despite his compliance and cooperation, Eichelberger violently applied a control hold and forcibly disrobed Heggem causing serious injury. Viewing the evidence in the light most favorable to Heggem, and under any potentially applicable standard, Heggem raised a triable dispute as to whether Eichelberger's use of force was excessive. *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (elements of excessive force claim under the Eighth Amendment standard applicable to prisoners); *see also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (elements of excessive force claim under the Fourteenth Amendment standard applicable to pretrial detainees); *Furnace*, 705 F.3d at 1026 (a court reviewing a summary judgment motion must "assume the truth of the evidence set forth by the nonmoving party"). We reverse summary judgment for Eichelberger, and remand for further proceedings as to Heggem's excessive force claim against defendants Eichelberger, Nicholas and Miller.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Heggem's motion for judicial notice (Docket Entry No. 18), motion for additional authority in support of claims (Docket Entry No. 79) and request for oral argument (Docket Entry No. 26) are denied.

**REVERSED and REMANDED.**